**KEYSTONE COAT & APRON MANUFACTURING CORP.**

v.

**The HOME INSURANCE COMPANY OF NEW YORK.**

Civ. A. No. 20716.

United States District Court
E. D. Pennsylvania.
June 17, 1957.
July 8, 1957.

Bernard G. Segal, Tom P. Monteverde, and L. Arthur Greenstein, Philadelphia, Pa., for plaintiff.

Sydney C. Orlofsky and Horace Michener Schell, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The conditions of this problem in discovery, arising from the plaintiff's motion under Fed.Rules Civ.Proc. Rule 34, 28 U.S.C. to produce documents, are as follows:

The plaintiff, a manufacturer of textile products in Philadelphia, sent goods upwards of $66,000 in value to a contractor (Cantrell, trading as Bessemer Manufacturing Co.) in Alabama, to be made into pajamas. On May 21, 1955, Cantrell's plant was destroyed by fire. The defendant, which had issued its insurance policy to the plaintiff covering the goods in question, refused to pay, basing its refusal on a clause in the policy which excludes from coverage loss resulting from "any act of a dishonest character" on the part of any contractor. Cantrell was indicted for arson in Alabama on June 2, 1955, but, so far as appears, no further steps have been taken to prosecute him. The plaintiff brought this suit against the defendant insurance company on May 11, 1956. Arson is not expressly charged in the defendant's answer, but obviously, that is the dishonest act which is relied on as a defense. The documents which plaintiff's motion asks to be produced are:

(1) A copy of a report covering the fire made by a Deputy Fire Marshal of the State of Alabama, which was given by the State Fire Marshal to the defendant.

The plaintiff has endeavored to obtain a copy of the report from the Alabama authorities and its request has been refused. The report is certainly relevant. Although it may contain some matter not admissible in evidence, it undoubtedly will give the plaintiff many facts needed for the preparation of its case for trial. If there ever had been any question of privilege (although as a public document it does not appear that it could

not be inspected by any interested party), the state has waived the privilege by furnishing a copy to the insurance company, now a litigant engaged in furthering its own interests in a private controversy. It may be that the plaintiff could compel the Fire Marshal to allow it to see the report. However, the necessity of resorting to legal process in a distant state furnishes good cause for requiring the defendant to produce its copy.

 (2) Defendant's copy of a report, dealing with the fire, made by a lawyer for another insurance company (Cantrell's insurer), sent by it to this defendant. There is, of course, no basis for invoking the attorney-client privilege. The lawyer did not, at the time, represent this defendant and whatever privilege his client may have had was waived when it (the other insurance company) voluntarily turned the report over to this defendant. It may be that the report will be found to contain observations and opinions of the attorney. These would constitute improper matter for discovery and, if the defendant requires it, the report may be submitted to the Court in order to have such portions deleted from a copy to be produced to the plaintiff.

(3) The National Board of Fire Underwriters made a full investigation of the fire, collecting much of its data on the spot and within a very short time after the fire occurred. Conceding the relevancy of most of this report, the defendant opposes the motion to produce, on the ground that public policy forbids it. Because the National Board customarily makes its findings available to the police, the defendant attempts to assimilate its function to that of a governmental agency. As a matter of fact, the National Board of Fire Underwriters is simply a private investigating agency having the respect and cooperation of the police. This Court has often dealt with the reports of private detectives and other similar agencies and I see no reason to differentiate this one. Of course, the same considerations as were referred to in the preceding paragraph apply and the Court will, if requested, delete portions not proper for production.

(4) The defendant's copy of a special audit of Cantrell's books made by accountants in Alabama. It appears that this report contains no physical facts, such as inventory, salvage items, etc. So far as it is based upon nothing but Cantrell's books and records, it need not be produced.

The plaintiff has the names of all the witnesses which were endorsed upon the Cantrell indictment and, in addition, the defendant has agreed to give it the names of two other witnesses whom it will probably call. However, the fact is that it was not until several months after the fire that the plaintiff found out that the defendant was going to contest its claim. It had no special reason to make an immediate first-hand investigation of the physical facts surrounding the fire and, by the time the position of the defendant became clear to it, it was too late. I think the plaintiff has shown good cause for the production of the documents, in accordance with the foregoing opinion.